IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL J. URBANO, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 24-874 |
| | ) | |
| v. | ) | District Judge Nora Barry Fischer |
| | ) | Magistrate Judge Maureen P. Kelly |
| ACJ; *and* | ) | |
| ACTING WARDEN SHANE DADY, | ) | Re: ECF No. 1 |
| | ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") submitted in the above-captioned case, ECF No. 1, be dismissed for failure to prosecute. To the extent that one is required, a certificate of appealability should be denied.

**II.   REPORT**

Petitioner Michael J. Urbano ("Petitioner") was, at the time of filing, a pretrial detainee held at the Allegheny County Jail ("ACJ"). Petitioner submitted the Petition on June 14, 2024. Id. at 1. The Petition was submitted without filing fee or a motion for leave to proceed *in forma pauperis* ("IFP").

This Court issued a Deficiency Order on July 11, 2024, ordering Petitioner to file a motion for leave to proceed IFP, provide a certified copy of his trust fund account for the 6-month period preceding the filing of the Petition, complete an authorization form authorizing the withdrawal of funds from an inmate account to satisfy the filing fee payment pursuant to 28 U.S.C. § 1915, and complete a Consent to the Magistrate Judge's Jurisdiction form. ECF No. 2. The deadline for

1

Petitioner to cure the deficiencies identified therein was August 12, 2024. Id. at 2. Petitioner did not respond to the Deficiency Order.

On February 3, 2025, this Court issued an Order to Show Cause in which Petitioner was directed to show good cause as to why the present matter should not be dismissed for failure to comply with the Deficiency Order. ECF No. 4. In the Order to Show Cause, Petitioner was advised that failure to respond on or before March 5, 2025, would result in the dismissal of the case for failure to prosecute. Id. The Order to Show Cause was returned by jail staff marked "RTS Temporarily Released." Staff Note dated March 3, 2025.

To date, no response has been received from Petitioner, nor has he attempted to correct the deficiencies identified in the Deficiency Order, nor has he updated his address with this Court.

A district court has the inherent power to dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a litigant's failure to prosecute or to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." Id.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth six factors to be weighed when considering whether dismissal of a case as a sanction for failure to prosecute or to obey pretrial orders. They are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868.

These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. <u>Hicks v. Feeney</u>, 850 F.2d 152 (3d Cir. 1988). Application of the <u>Poulis</u> factors is appropriate in the context of habeas cases as well as to civil rights actions. <u>Harlacher v. Pennsylvania</u>, No. 10-0267, 2010 WL 1462494, at *3 (M.D. Pa. Mar. 12, 2010), <u>report and recommendation adopted</u>, 2010 WL 1445552 (M.D. Pa. Apr. 9, 2010) (applying <u>Poulis</u> to a habeas case). Consideration of the factors listed above is as follows.

(1) The extent of the party's personal responsibility

Petitioner is proceeding in this matter *pro se*, and alone is responsible for prosecuting this case and complying with orders of this Court.

(2) Prejudice to the adversary

There is no indication that Respondents have been prejudiced by Petitioner's failures.

(3) A history of dilatoriness

Petitioner has failed to respond to multiple court orders, which include the Deficiency Order from July 11, 2024, and the Order to Show Cause from February 3, 2025. To the extent that Petitioner has been released, he has failed to update his address with this Court. This is sufficient evidence, in this Court's view, to indicate that Petitioner does not intend to proceed with this case in a timely manner.

(4) Whether the party's conduct was willful or in bad faith

There is no indication on the record that Petitioner's conduct is the result of any "excusable neglect," <u>Poulis</u>, <u>supra</u>. The conclusion that Petitioner's failure is willful is inescapable.

(5) Alternative sanctions

Petitioner currently is proceeding *pro se*, and there is no indication on the record that the imposition of costs or fees likely would be an effective sanction.

(6) Meritoriousness of the case

This Petition has not been served, and Respondents have not submitted an answer.  Given the early stage of this case, the undersigned has not evaluated its merits. The Court therefore considers this factor to be neutral.

Because at least four of the six Poulis factors weigh in favor of dismissal, dismissal is appropriate under Rule 41(b) for failure to prosecute.  To the extent that one is required, a certificate of appealability should be denied, because jurists of reason would not find the foregoing debatable.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

### III. CONCLUSION

Based on the reasons set forth above, it is respectfully recommended that this case be dismissed without prejudice for failure to prosecute, and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

Failure to timely file objections will waive the right to appeal.  <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: April 2, 2025                                             Respectfully submitted,


                                                            <u>*/s/Maureen P. Kelly*</u>
                                                            MAUREEN P. KELLY
                                                            UNITED STATES MAGISTRATE JUDGE


cc:    Hon. Nora Barry Fischer
        United States District Judge


        Michael J. Urbano
        136548
        Allegheny County Jail
        950 Second Avenue
        Pittsburgh, PA 15219